UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LERMAINE PALMER**, on behalf of himself
and those similarly-situated,

    Plaintiff,

CASE NO.

**v.**

JURY DEMAND

**BANGKOK CAFÉ OF FERNDALE, INC.**,
and **WASINEE XAMOUNTRY**, Individually,

    Defendants**.**

_____/

Michael N. Hanna, Esq. (**P81462**)
**MORGAN & MORGAN**
Attorneys for Plaintiff
2000 Town Center, Suite 1900
Southfield, MI  48075
Tel:  (313) 739-1950
mhanna@forthepeople.com

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LERMAINE PALMER, on behalf of himself and all other employees and former employees similarly situated, by and through his undersigned counsel, files this Collective Action Complaint against Defendants, BANGKOK CAFE OF FERNDALE, INC. ("Bangkok Cafe") and WASINEE XAMOUNTRY (collectively "Defendants"), and states:

### JURISDICTION AND VENUE

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2.    The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C.

§1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, or at least a substantial part, of the events giving rise to Plaintiff's claims occurred in Oakland County, Michigan, located within Southern Division of the Eastern District of Michigan.

## PARTIES

5. At all times material hereto, Plaintiff was, and continues to be, a resident of Oakland County, Michigan.

6. At all times material hereto, Defendant, BANGKOK CAFE OF FERNDALE, INC. was, and continues to be, a Domestic Profit Corporation that operates and conducts business in Oakland County, Michigan.

7. Based upon information and belief, at all times material hereto, Defendant, WASINEE XAMOUNTRY, was an individual resident of the State of Michigan, Oakland County.

8. At all times material hereto, Defendant, WASINEE XAMOUNTRY was the owner of BANGKOK CAFE and regularly exercised the authority to: (a) hire and fire employees of BANGKOK CAFE; (b) determine the work schedules for the employees of BANGKOK CAFE and (c) control the operations of BANGKOK CAFE.

9. Defendant, WASINEE XAMOUNTRY is an employer as defined by 29 U.S.C §201 *et seq.*, in that he acted, directly or indirectly, in the interests of BANGKOK CAFE toward Plaintiff and others similarly situated.

10. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

11. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

12. At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

13. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

14. At all times material hereto, Defendant, BANGKOK CAFE was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, Defendant, BANGKOK CAFE, was, and continues to be, an enterprise engaged in the "production of goods or services for commerce" within the meaning of the FLSA.

16. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

17. At all times material hereto Defendant, BANGKOK CAFE had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as cash registers, telephones, plates, cups, liquor, knives, chairs, tables and food which were used directly in furtherance of Defendants' commercial activity of running a restaurant.

18. At all times material hereto, Plaintiff "engaged in commerce" and subject to individual coverage of the FLSA, by virtue of his handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

19. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

20. The additional persons who may become Plaintiffs in this action are/were laborers

of the Defendants who were compensated below the Michigan Minimum Wage and were not compensated for overtime hours worked, which resulted in:

 a. workweeks where they were compensated at a rate less than the State of Michigan minimum wage; and/or

 b. worked in excess of forty (40) hours during one or more workweeks during the relevant time periods but did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

## STATEMENT OF FACTS

21. Plaintiff was an "employee" within the meaning of the FLSA.

22. Plaintiff began working for Defendants in approximately 2016.

23. Defendants hired Plaintiff to work as a non-exempt laborer.

24. Plaintiff's worked for Defendants as a dish washer, prep cook, and cook.

25. Plaintiff was compensated $90 per day as a day rate.

26. Throughout the statutory time period, Plaintiff regularly worked 12 hour shifts, six days per week.

27. Plaintiff worked in excess of forty (40) hours in workweeks within the statutory time period for Defendants.

28. Plaintiff was not properly compensated at the Michigan minimum hourly wage for all his hours worked during the statutory time period.

29. Plaintiff was not properly compensated for all his overtime hours worked during the statutory time period.

30. Defendants have violated Title 29 U.S.C. §206 and §207 within the statutory time period in that:

   a. Plaintiff worked in excess of forty (40) hours per week in at least some weeks during his period of employment;

   b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all those hours worked in excess of forty (40) hours per workweek as provided by the FLSA;

   c. Defendants failed to pay Plaintiff at least minimum wage in one or more workweeks in violation of the FLSA; and

   d. Defendants have failed to maintain proper time records as mandated by the FLSA.

31.  Plaintiff retained the law firm of MORGAN & MORGAN, P.A., to represent Plaintiff in the litigation.

### COUNT I - VIOLATION OF 29 U.S.C. §206
### MINIMUM WAGE VIOLATION

32.  Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31 as if fully set forth herein.

33.  Defendants were required to pay Plaintiff at least the minimum wage for all hours he worked for Defendants.

34.  Defendants failed to pay Plaintiff minimum wage for all hours he worked for Defendants.

35.  Defendants had specific knowledge that it was paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

36.  Defendants willfully failed to pay Plaintiff the minimum wage in one or more workweeks during the relevant time period.

37. Defendants policy of paying employees on a day rate regardless of the number of hours the employee worked is in violation of 29 U.S.C. § 206.

38. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

### COUNT II - VIOLATION OF 29 U.S.C. §207
### OVERTIME COMPENSATION

39. Plaintiff realleges and reincorporates paragraphs 1 through 31 as if fully set forth herein.

40. Plaintiff worked in excess of forty (40) hours per week.

41. Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

42. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

43. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

44. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when they had knowledge, or should have known, such was, and is due to Plaintiff.

45. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

46. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

47. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

48. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and one half for their overtime hours.

49. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff minimum wage compensation in the amount due to him for workweeks Plaintiff worked for Defendants but was not compensated at a rate equivalent to the minimum wage;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week while employed by Defendants;

    c. Awarding Plaintiff liquidated damages in an amount equal to the minimum wage and/or overtime award;

    d. Awarding Plaintiff pre-judgment and/or post-judgment interest;

    e. Granting Plaintiff an Order, on an expedited basis, allowing him to send

        Notice of this action, pursuant to 216(b), to those similarly situated to Plaintiff;

f.    Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions and/or minimum wage provisions of the FLSA; Defendants failed to keep accurate time records, Defendants have a legal duty to pay Plaintiff overtime and/or minimum wage pursuant to the FLSA, Defendants failed to prove a good faith defense, and Plaintiff is entitled to overtime wages, minimum wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

g.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h.    Ordering any other further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demand trial by jury on all issues so triable as a matter of right by jury.

Dated this 8th day of May, 2018.

                                                /s/ *Michael N. Hanna*
                                                Michael N. Hanna, Esq.
                                                Michigan Bar. No P81462
                                                Morgan & Morgan, P.A.
                                                2000 Town Center, Suite 1900
                                                Southfield, MI 48075
                                                Telephone: (313) 739-1950
                                                Facsimile:  (313) 739-1976
                                                Email: MHanna@forthepeople.com
                                                ***Attorney for Plaintiff***